**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PRINELL RHAKIEL PAUL,

                          Plaintiff,                                    5:25-cv-967
                                                                        (ECC/MJK)
v.

ONONDAGA COUNTY CRIMINAL
COURTHOUSE, et al.,

                          Defendants.

---

**Appearances:**

PRINELL RHAKIEL PAUL, *Pro Se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On July 21, 2025, pro se Plaintiff Prinell Rhakiel Paul commenced this civil action seeking relief under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights arising from his confinement at the Onondaga County Justice Center and an underlying state criminal action. Dkt. No. 8. At the time he filed the Complaint, Plaintiff was incarcerated at the Onondaga County Justice Center, and he filed a request to proceed in forma pauperis (IFP). Dkt. No. 3.

Magistrate Judge Mitchell J. Katz granted Plaintiff's motion to proceed IFP on August 25, 2025, and reviewed the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 8. Magistrate Judge Katz recommended that Plaintiff's Complaint be dismissed in its entirety. *Id.* Plaintiff did not file any objections to the report-recommendation by the designated deadline. Upon receipt of the report-recommendation and further review of the docket, this Court ordered Plaintiff to show cause by May 8, 2026 why his IFP status should not be revoked pursuant to Prison

Litigation Reform Act, 28 U.S.C. § 1915(g), on the grounds that Plaintiff acquired three strikes prior to commencing this action in July 2025.  Dkt. No. 13.  Plaintiff did not respond to the order to show cause.

For the following reasons, Plaintiff's IFP status is sua sponte revoked.  This action will be dismissed without prejudice unless Plaintiff pays the filing within thirty (30) days of entry of this Decision and Order.

## II.    DISCUSSION

"Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Tafari v. Hues*, 473 F.3d 440, 443–44 (2d Cir. 2007) (citation omitted).  Pursuant to § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The 'three-strikes' provision in the PLRA was designed to 'forc[e prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?'" *Tafari*, 473 F.3d at 443–44 (citation omitted). Moreover, "[i]n forma pauperis status is a privilege, not a right," and it is therefore subject to revocation under the appropriate circumstances.  *Bonano v. Costello*, No. 9:19-cv-0671 (GTS/CFH), 2019 WL 3081058, at *2 (N.D.N.Y. July 15, 2019) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right [. . .] [c]ourts have the discretion to revoke that privilege when it no longer serves its goals.") (citing *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) and

*Murphy v. Jones*, 801 F. Supp. 283, 288–89 (E.D. Mo. 1992)). "The District Court may revoke a plaintiff's IFP status on motion, or sua sponte." *Bonano,* 2019 WL 3081058, at *2 (citation omitted); *see also Crichlow v. Annucci,* No. 17-cv-6351, 2020 WL 8910837, at *1 (W.D.N.Y. Apr. 21, 2020) ("Where a plaintiff is granted leave to proceed as a poor person but has violated § 1915(g)'s three-strikes rule, a court may sua sponte revoke the plaintiff's in forma pauperis status.").

"Courts have revoked IFP status when, early in the proceedings in a case, the record shows undisputed facts casting doubt on whether plaintiff was in imminent danger of serious physical harm at the time he filed the complaint." *Bonano,* 2019 WL 3081058, at *2 (cleaned up); *see also Ammons v. Hannula*, No. 08-cv-608, 2009 WL 799670, at *3-4 (W.D. Wis. March 24, 2009) (directing the plaintiff to "show cause" supporting his claim that he was in imminent danger of serious physical injury); *Abreu v. Travers*, No. 9:15-cv-0540 (MAD/ATB), 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (revoking Plaintiff's IFP status because the "in forma pauperis application was improvidently granted").

### A.    Three Strikes Determination

Plaintiff is a prolific pro se litigator in this district.  As this Court noted in *Paul v. Shelley*, the three strikes rule set forth in Section 1915(g) has been enforced against Plaintiff on numerous instances over the past two years. No. 9:25-cv-1546 (ECC/MJK), 2026 WL 686151, at *1 (N.D.N.Y. Mar. 11, 2026) (collecting cases).  Specifically, upon review of Plaintiff's litigation history, U.S. District Judge Glenn T. Suddaby previously determined that Plaintiff acquired at least three strikes as of April 2025, "because he filed four previous civil actions while incarcerated that were dismissed based on frivolousness, maliciousness, or failure to state a claim upon which relief

may be granted." *Paul v Lavy*, *et al.*, No. 9:25-cv-1138 (GTS/ML), Dkt. No. 8 at *3, Decision and Order (N.D.N.Y. Nov. 12, 2025).

Upon review of the orders and docket sheets for the actions Judge Suddaby found to constitute strikes, this Court likewise finds that Plaintiff acquired three strikes prior to commencing this action in July 2025. Thus, unless the "imminent danger" exception is applicable to this action, Plaintiff may not proceed IFP.

### B.    Imminent Danger Exception

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id*.

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-cv-61, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" *Id*. (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)). Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-cv-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

Here, Plaintiff's often incoherent allegations relate to a myriad of events that occurred during his confinement at the Onondaga County Justice Center. *See generally* Dkt. No. 1. As relevant to the Court's analysis of imminent danger, Plaintiff alleges that on June 4, 2023, he saw a corrections officer "who hated [Plaintiff's] guts," "panicked," and "jumped down [] the flight of stairs on upper 2A . . . trying to escape[.]" *Id.* at 4. According to Plaintiff, various other corrections officers responded to the incident and gang assaulted him. *Id.* These officers have not been named as defendants in this action. The remainder of the allegations in the Complaint arise from purported deficiencies by the Defendant county and state agencies and/or officials in the prosecution of Plaintiff's criminal action. *See generally id.*

Plaintiff was afforded an opportunity, but declined, to show why the imminent danger exception applied to this action. Dkt. No. 13. The Court otherwise finds that Plaintiff's allegations do not demonstrate that Plaintiff faced an imminent danger of serious physical injury from Defendants when this action was filed. Even if this Court were to construe Plaintiff's Complaint

5

as seeking relief in conjunction with the alleged gang assault at the Onondaga County Justice Center, this isolated incident is alleged to have occurred more than two years prior to Plaintiff filing the Complaint.  Even liberally construed, these allegations do not suggest that Plaintiff faced a risk of serious physical injury at the time he "brought" this action.  *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed[,]" and that the exception does not apply to "those harms that had already occurred.") (internal quotation marks and citations omitted); *see also Cato v. Reardon*, No. 9:23-cv-1173 (AMN/CFH), 2023 WL 8595753, at *3 (N.D.N.Y. Dec. 12, 2023) (allegations of assault occurring months and years prior to the filing of plaintiff's complaint did not plausibly suggest that plaintiff faced the risk of serious physical injury at the time he "brought" the pending action, as they were not "contemporaneous with the commencement of the litigation.") (citing *Walker v. Cuomo*, No. 9:17-cv-0650 (TJM/DJS), 2018 WL 6068413, at *2 (N.D.N.Y. Nov. 20, 2018)); *Bradshaw v. Uhler*, No. 9:22-cv-0094 (GTS/ML), 2022 WL 2347088, at *5 (N.D.N.Y. June 15, 2022) ("past instances of wrongdoing are only relevant to the Court's imminent danger analysis if those events suggest an ongoing pattern of abuse that is likely to continue and result in serious physical injury.").

The remainder of Plaintiff's Complaint alleges that the Defendants violated Plaintiff's rights in conjunction with prosecuting Plaintiff's state criminal action.  These claims do not support the conclusion that Plaintiff was in imminent danger of serious physical injury at the time of filing. *See, e.g., Wagoner v. Kaeuper*, No. 19-cv-6740, 2020 WL 979788, at *2 (W.D.N.Y. Feb. 28, 2020) (claims against court clerk and prosecutor in Plaintiff's criminal case challenging conduct surrounding his criminal action were "not plausibly alleged to place Plaintiff in imminent danger

6

of serious physical injury."); *Burns v. Long*, No. 1:23-cv-9399, 2023 WL 8004987, at *1 (S.D.N.Y. Nov. 17, 2023) (complaint did not show that plaintiff was under imminent danger of serious physical injury at the time he filed action where allegations concerned "the litigation of his state-court criminal actions . . . his legal representation during those actions, and jail disciplinary infractions that he has been charged with as a result of refusing to leave his cell to appear for court dates.").

### C.    Revocation of IFP Status

Because Plaintiff incurred at least three strikes prior to commencing this action and has failed to allege the imminent danger of serious physical harm, he is prohibited from proceeding IFP in this case, and his IFP status is sua sponte revoked.[1] If Plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Memorandum-Decision and Order, pay the statutory filing fee of four hundred and five dollars ($405.00) in full.  Plaintiff's failure to timely comply with this order will result in the dismissal of this action, without further order of this Court.

### III.    CONCLUSION

For these reasons, it is hereby

---

[1] This decision is not precluded by the fact that Plaintiff has already been granted IFP status in this action. "When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g)." *Flemming v. Kemp*, No. 09-cv-1185 (TJM/DRH), 2010 WL 3724031, at *3 (N.D.N.Y. Aug. 19, 2010) (citing *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. Aug. 13, 1998)), *report and recommendation adopted*, 2010 WL 3724028 (N.D.N.Y. Sept. 15, 2010).

**ORDERED** that Plaintiff's IFP status is **REVOKED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within thirty (30) days of the date of this Memorandum-Decision and Order, Plaintiff pays the Court's filing fee of four hundred and five dollars ($405.00) in full; and it is further

**ORDERED** that, upon Plaintiff's timely payment of the full filing fee, the Clerk shall return the file to this Court for review of Magistrate Judge Katz's report-recommendation; and it is further

**ORDERED** that if Plaintiff fails to pay the filing fee in full within thirty days of the date of this Memorandum-Decision and Order, the Clerk is directed to enter judgment, without further order of this Court, indicating that this action is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 19, 2026

Elizabeth C. Coombe
U.S. District Judge

8